ELLA EMMONS AND JOHN G. EMMONS v. ALBERT STEVANE AND IDA F. STEVANE.

Argued February 27, 28, 1906—Decided June 11, 1906.

1. The common law rule which excuses a wife from liability for a tort committed by her in the presence of her husband, for the reason that it is presumed to be the result of coercion on his part, prevails in its full force in this state.
2. The fact that a dog has a propensity to attack strangers, and that such propensity is known to his master, afford no ground for imputing to the owner knowledge that the animal is likely to attack members of the family with whom he dwells and with whom he is familiar.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice HENDRICKSON.

For the rule, *Gilbert Collins* and *Otto Horwitz* (of the New York bar).

*Contra, Edmund Wilson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. On the last day of September, 1902, the defendant Albert Stevane, and his family, were

received as boarders by the plaintiff Mrs. Emmons in her home at Asbury Park. Stevane took with him his two dogs, "Nero" and "Rex," and paid Mrs. Emmons $5 per month for each dog. In December of that year Stevane and his family went South for the winter, leaving the two dogs in the care of Mrs. Emmons, under an agreement to continue the payment of $5 a month for each dog, so long as they remained in her charge. On the 23d day of January Mrs. Emmons, who had gone to the front door of her home, found the dog "Nero" upon the porch, and spoke to him, at the same time placing her hand upon his head. The dog gave a yelp, sprang at her and bit her severely, inflicting serious injuries upon her. She and her husband bring this suit against Stevane and his wife to recover compensation for the injuries so received, and for the pecuniary loss resulting from them. They rest their right to recover against both defendants upon two grounds, viz.—*first,* that Mr. and Mrs. Stevane were joint owners of the dog, and knew that he was vicious and accustomed to attack mankind; and *second,* that at the time when they went to board with Mrs. Emmons, they, together, represented to her, for the purpose of inducing her to take the dogs into her family, that the animals were of a gentle and kindly disposition, although they well knew the contrary to be the fact. The trial resulted in a verdict against both defendants.

So far as the case against Mrs. Stevane is concerned, our examination of the proofs leads us to the conclusion that the verdict against her cannot be supported. The allegation that she was a joint owner of the dogs was not attempted to be substantiated by any proofs offered at the trial, and the evidence produced on the part of the defence was plenary that Mr. Stevane was the sole owner of the animal. The plaintiffs' claim against her, as owner, therefore fell to the ground. Nor did the proofs in the case justify the jury in finding her responsible for the injuries to Mrs. Emmons by reason of her representation that the dog was of a gentle and kindly disposition. Conceding, for the moment, that the proofs show the dog to have been a vicious one, and that Mrs. Stevane

knew this to be the fact, her knowingly false statement (if she made it) with relation to his character did not make her responsible to Mrs. Emmons for the injuries received by the latter. The only testimony with relation to the making of the statement was given by Mrs. Emmons herself. She says that Mr. and Mrs. Stevane came together to her house and asked her if she would board the dogs; that she replied that she would do so if the dogs were perfectly gentle; and that then Mr. Stevane said, "Why, they are all right," and that Mrs. Stevane added, "and perfectly gentle." At common law a tort committed by the wife, in the presence of her husband, is presumed to be the result of coercion on his part, and his coercion excuses her from liability; and this rule of the common law prevails in full force in this state. *Hildreth* v. *Camp,* 12 *Vroom* 306. This presumption which the law raises in favor of the wife may, of course, be rebutted by proof, but there is nothing in Mrs. Emmons' statement which even tends to overthrow the presumption in the present case. The verdict against Mrs. Stevane must therefore be set aside.

Nor do we think the verdict against Mr. Stevane can be supported. It rests upon proof offered by the plaintiffs that the dog "Nero" had a propensity to attack strangers. It was not shown that he had ever bitten anyone, but several instances were testified to of his having sprung at people, barking, growling and showing his teeth. If Mrs. Emmons had been a stranger to the dog at the time of his attack upon her, the proofs offered would have justified the submission to the jury of the question of Mr. Stevane's liability, under the decisions in this state. But the fact that a dog has a propensity to attack strangers, particularly those who come upon the premises of his master unaccompanied by anyone with whom the animal is familiar, as was the case on most of the occasions testified to by the plaintiffs' witnesses, affords no ground for concluding that he is likely to bite his master or members of the latter's family. Human experience is to the contrary. The affection of a dog for his master, and for the members of the household in which he dwells, is proverbial. Not only is he their friend, but often he is their protector. His re-

senting an intrusion by a stranger upon the premises of which he conceives himself to be the guardian is an evidence of his loyalty to those to whom he owes allegiance. It is common knowledge that the dog which is looked upon with distrust and fear by the neighborhood may be handled, even misused, with impunity by the children in the family of which he is a member. It is equally well known that with a change of the ownership of the dog comes a transference of his affections. Not that he ever entirely forgets his old master and the latter's family, but he is loyal to the hand that feeds him. He recognizes promptly his obligation to those among whom he makes his home, and repays it with affection and devotion.

There is nothing in the case to show that the dog "Nero" did not possess this characteristic of his species; that he was not kindly disposed and affectionate towards those among whom he lived. This being so, Mr. Stevane had no reason for supposing, when he arranged with Mrs. Emmons for the care and board of this dog, that she would be subjected to the slightest risk of being attacked by the animal in case she took charge of him. On the contrary, he was justified in believing that the dog would exhibit the same kindly and affectionate disposition toward her and the members of her home that he had theretofore exhibited towards himself and his family, and his statement that the dog was "all right" (if he made it) was not untrue, so far as its disposition toward those among whom it lived was concerned. The verdict against Mr. Stevane must also be set aside.

The ground upon which the rule to show cause against Mr. Stevane must be made absolute is, of course, equally applicable to the case of his wife, and affords an additional ground for directing a new trial in her case.